THE STATE OF OHIO, APPELLEE, *v.* POWERS, APPELLANT.

(No. 224—Decided June 28, 1954.)

*Mr. Ray Bradford,* prosecuting attorney, and *Mr. Ralph Hill,* for appellee.

*Mr. Sterling L. Brown,* for appellant.

MATTHEWS, P. J.   The defendant, appellant herein, was convicted of shooting with intent to wound one Morris L. Jordan, at a trial at which John H. Houston, Judge of the Court of Common Pleas of Brown County, presided, a jury having been duly waived by defendant.

Three grounds are urged for the reversal of this conviction.   One of these grounds relates to the jurisdiction of Judge Houston to preside as judge in Clermont County under the circumstances hereinafter related, and the other two grounds relate to the conduct of the trial.   We shall consider the latter two first.

(1) It is urged that the conviction is not sustained by that degree of proof required in a criminal action.

The trial judge, who heard and saw the witnesses, resolved this issue against the defendant, and this court would not be justified in disturbing his finding unless it manifestly appeared that the state had failed to establish guilt beyond a reasonable doubt.

The defendant admitted that he had intentionally shot and wounded Jordan at the time and place

charged in the indictment. He defended on the ground that he acted in self-defense. That placed the burden on him of proving that he had reasonable ground for believing that it was necessary to shoot to protect himself from death or great bodily harm. 12 Ohio Jurisprudence, 85, Section 44.

We have examined the evidence in the record and have reached the conclusion that the issue was one for the trier of the facts, and the result dependent upon the weight of the evidence and the credibility of witnesses. Under such circumstances, a reviewing court is not justified in disturbing the finding made.

(2) After the court had announced its finding of guilty, it announced that it would postpone imposing the sentence until a stated date and in the meantime would have an investigation made to determine wheth er the defendant should be placed on probation. On the stated date, the court announced that the investigation had disclosed misconduct on defendant's part— one incident involving the use of a gun—and for those reasons had concluded to deny probation. Thereupon, the sentence was imposed in accordance with law.

In this conduct of the trial judge we find no error or impropriety or evidence of bias or prejudice—just the contrary.

(3) As already noted, the defendant waived his right to a trial by jury and the trial proceeded before the judge. At the conclusion of the evidence, which took place on February 10, 1954, the judge announced his finding of guilty of shooting with intent to wound and postponed imposing sentence until February 16, 1954, stating at the time that he intended to have an investigation made in the meantime to determine whether it was a proper case for probation. On February 16, 1954, the judge imposed the sentence of imprisonment in accordance with law.

On February 18, 1954, the defendant filed a motion for a new trial, in which for the first time he challenged the jurisdiction of the court, one of the grounds assigned for a new trial being: "That the court had no jurisdiction to hear and determine the case in the first instance."

On the same day (February 18, 1954) the defendant filed a motion to vacate the decision and set aside the sentence on the ground that "the trial court was without authority and had no jurisdiction to hear said case on February 10, 1954, nor to pronounce sentence on February 16, 1954, for the reason that said court is a nonresident jurist and was not acting under authority of a valid and effective assignment by the Supreme Court of Ohio, a copy of which is attached hereto and made a part hereof." The attached document purports to be a copy of an assignment by the Chief Justice of the Supreme Court of Ohio, of the Honorable John H. Houston, a resident Judge of the Court of Common Pleas of Brown County, Ohio, to temporarily preside and hold court in the Court of Common Pleas of Clermont County, Ohio, on Tuesday, February 10, 1954, and to continue therein until the court business on which he had entered was completed.

The record is silent as to whether Judge Houston was acting under a formal assignment or otherwise on February 10, 1954, when he presided at this trial and pronounced the defendant guilty. If we accept as evidence the copy of the assignment attached to the motion to vacate he was acting under a formal assignment by the Chief Justice when he imposed the sentence on February 16, 1954.

However, the parties have presented the case to this court on the basis that there had been no assignment of Judge Houston to Clermont County prior to February 16, 1954. The intimation was that he was sit-

ting in the Court of Common Pleas of Clermont County at the request of the judge of that court. There is no question that Judge Houston is a duly qualified Judge of the Court of Common Pleas of Brown County, Ohio.

There is no question that this trial took place in the courthouse in Clermont County, Ohio, that Judge Houston presided at the trial, that he was recognized by all the court officials at the trial as having authority to preside, and that the defendant made no objection based on any alleged lack of authority until after conviction and sentence. It is now contended that Judge Houston was ineligible to preside and that such ineligibility renders the judgment void. In the language of an earlier day, the contention is that the judgment is *coram non judice*.

The office of Judge of the Common Pleas Court is created by Section 3 of Article IV of the Constitution of Ohio. It provides for the election of at least one judge in each county, that as many courts or sessions as are necessary may be held at the same time in any county, and that "any Judge of the Court of Common Pleas may temporarily preside and hold court in any county." This provision for holding more than one court or session is not made dependent upon the disqualification or disability of the resident judge. This provision is followed by procedure in the event of an asserted disqualification or disability of a common pleas judge. The provision is: "And until the General Assembly shall make adequate provision therefor, the Chief Justice of the Supreme Court of the state shall pass upon the disqualification or disability of any Judge of the Court of Common Pleas, and he may assign any judge to any county to hold court therein."

It is clear from these constitutional provisions that

a common pleas judge is vested with authority to preside in each and every county in the state. The constitutional provision is self-executing. While no legislative act could deprive a judge of this authority, we assume that the General Assembly has the authority to pass laws regulating the exercise of such power. By Section 2503.04, Revised Code, the General Assembly has assumed to authorize the Chief Justice to assign common pleas judges of any county, without request, to aid in disposing of any unusual accumulation of cases, and, under certain circumstances, has made it his duty to make such assignment, but neither this section nor any other to which we have been referred makes such assignment a prerequisite to a judge presiding in a county other than the one in which he resides. Indeed, as pointed out later, the Legislature has recognized the authority of a common pleas judge to preside without assignment in counties other than that of his residence.

In the absence of a legislative enactment, it would seem that the matter of dispatching the business of the Common Pleas Court should be left to the judges themselves so long as they do so in such a manner as is satisfactory to the Chief Justice. If they allow an unusual accumulation of cases, that would call for the exercise of the power conferred by Section 2503.04, Revised Code.

That a common pleas judge may preside in a county in which he does not reside is expressly recognized in Section 141.07, Revised Code (Section 2253, General Code) providing for the payment of his expenses from the treasury of such county. That section provides that such judge shall receive his actual and necessary expenses "while holding court in a county in which he does not reside, by assignment of the Chief Justice of the Supreme Court under Section 2701.03 of

the Revised Code, *or without any assignment * * *.*" (Emphasis added.) However, in the same section, provision is made for compensation for judges who have been assigned by the Chief Justice, but no provision for compensation is made for judges who serve without such assignment.

Our conclusion is that a common pleas judge presiding in a county other than the one in which he was elected or appointed acts in a *de jure* capacity, even though he has not been assigned thereto by the Chief Justice.

However, it is our opinion also that this record shows that Judge Houston was, at the least, acting as a *de facto* judge in presiding in Clermont County, and that any defect in the title to his office and in his right to so act has been waived and certainly cannot now be raised in this action. He certainly was acting under color of right. Under such circumstances, quo warranto is the appropriate remedy to determine the title to the office.

In *State, ex rel. Witten, v. Ferguson, Aud.*, 148 Ohio St., 702, 76 N. E. (2d), 886, a common pleas judge forfeited his office by entering the armed forces of the United States. Upon his return from military service, he resumed his position upon the bench. In that action in mandamus to require the issuance of a warrant for his salary, the court held, as stated in the second paragraph of the syllabus:

"In such case, where the former judge upon returning from the military service enters upon and performs the duties of his former office with the acquiescence of the public authorities and the public and has the reputation of being the officer he assumes to be and is dealt with as such, he is in the eyes of the law a *de facto* judge."

The cases of *Stiess et al.* v. *State,* 103 Ohio St., 33,

132 N. E., 85, present facts very similar to those in this case. In those cases a police justice presided and held court outside the village in which he had been appointed. An attempt was made to raise the question of his authority to do so in the actions before him. In the second paragraph of the syllabus, the court held:

"The authority of a police justice of a village, appointed under favor of Section 4544, General Code, cannot be questioned, neither can the question of the constitutionality of Section 4544, General Code, be raised otherwise than in a *quo warranto* proceeding to determine the validity of the title of such justice to his office, in which proceeding the justice himself must be made a party defendant and have the opportunity to appear and make a defense thereto. (*Ex parte Strang,* 21 Ohio St., 610, and *State* v. *Gardner,* 54 Ohio St., 24, approved and followed.)"

Many other cases could be cited in support of the conclusion reached in those cases. As there is no conflict on the subject, further citation would serve no useful purpose.

For these reasons, the judgment is affirmed.

*Judgment affirmed.*

Ross and HILDEBRANT, JJ., concur.